**Clifford BURR, by his Parents and Next Friends, Kenneth Burr, Betty Burr, Plaintiffs–Appellants,**

v.

**Thomas SOBOL, As Commissioner of the New York State Education Department, Defendant–Appellee.**

**No. 116, Docket 88–7275.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 18, 1988.

Decided Oct. 27, 1989.

Ellen M. Saideman, New York City (New York Lawyers for the Public Interest, of counsel), Bruce Loren, Legal Intern, Brooklyn, N.Y. (BLS Legal Services Corp., Federal Litigation Program, Luzmina Gonzales, Legal Intern, Kathleen A. Sullivan, of counsel), for plaintiffs-appellants.

Martha O. Shoemaker, New York City (Asst. Atty. Gen. of the State of N.Y., Robert Abrams, Atty. Gen. of the State of N.Y., Stuart Kaufman, Legal Intern, on the brief, of counsel), for defendant-appellee.

Brown & Wood, New York City (Peter Tufo, Anita Fisher Barrett, of counsel), for The New York Institute for the Education of the Blind, amicus curiae.

Before FEINBERG, NEWMAN and GARTH,[*] Circuit Judges.

PER CURIAM:

The background of this case is described in the prior opinion of this court, reported at 863 F.2d 1071 (2d Cir.1988).[1] It is before us again because the judgment of this court was vacated by the Supreme Court, *Sobol v. Burr*, —— U.S. ——, 109 S.Ct. 3209, 106 L.Ed.2d 560 (1989). In our opinion, we reinstated an award of compensatory education beyond age twenty-one to a handicapped youth because he had been denied his right to a free, appropriate education during delays in the statutorily mandated hearing process. *Burr*, 863 F.2d at 1078. A New York State hearing officer had originally awarded the youth such relief. Id. After our opinion was issued, the Supreme Court decided *Dellmuth v. Muth*, —— U.S. ——, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989), which held that the Education of the Handicapped Act, 20 U.S.C. § 1400 et seq., did not abrogate the states' Eleventh Amendment immunity. The Court subsequently vacated our judgment in this case and remanded "for further consideration" in light of *Muth*. *Burr*, 109 S.Ct. at 3209. We thereafter asked for, and received, briefs from the parties on the effect of *Muth* on our decision in *Burr*.

We did not base our holding in *Burr* on the abrogation of the states' Eleventh Amendment immunity because we did not believe it was necessary to reach that question in that case. See *Burr*, 863 F.2d at 1079. We concluded, for two alternative reasons, that the amendment was not violated. First, our decision merely vacated a decision of the Commissioner of the New York State Education Department and reinstated the decision of a state hearing officer, whose award of relief is not limited by the Eleventh Amendment. Second, the relief granted the handicapped youth was prospective in nature, and any effect on the state treasury would be ancillary to such relief and therefore permissible despite the Eleventh Amendment. Id. We have considered the effect of *Muth*, and we continue to believe that the Eleventh Amendment is not violated in this case. We therefore reaffirm our prior holding.

___

[*] Honorable Leonard I. Garth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

[1.] The prior opinion was captioned *Burr v. Ambach*. Because Thomas Sobol is now Commissioner of the New York State Education Department, he has been automatically substituted for the former Commissioner, Gordon Ambach. See Fed.R.App.P. 43(c)(1).