Board of Education of the Strongsville City School District, Appellee, *v.* Theado, Appellant.

[Cite as Bd. of Edn. of the Strongsville City School Dist. *v.* Theado (1991), 57 Ohio St. 3d 162.]

(No. 90-667—Submitted November 13, 1990—Decided February 13, 1991.)

*Weston, Hurd, Fallon, Paisley & Howley, Mary A. Lentz* and *David W. Leopold,* for appellee.

*Thomas R. Theado, pro se.*

*Robert S. Mills* and *Kristin E. Hildebrandt,* urging reversal for *amicus curiae,* Ohio Legal Rights Service.

*Per Curiam.* The Education of the Handicapped Act (Section 1400 *et seq.,* Title 20, U.S. Code) requires, as a condition of receiving federal financial assistance, that the school district assure a free appropriate public education for all disabled children within its jurisdiction.

The court of appeals considered only the issue as to whether appellant had jurisdiction to hold the hearing, in light of *Honig, supra.* It interpreted *Honig* as being dispositive of this action since the student in the instant case, like the student in *Honig,* was over twenty-one years of age, leaving the hearing officer without jurisdiction. However, the court in *Honig* never addressed the issue of "compensatory education." The issue in *Honig* was whether a student could be suspended while expulsion proceedings were pending.

Federal courts before and after *Honig* have granted what has been called "compensatory education," in which the school district has been required to provide further education beyond the normal age to which the Act applies.

Compensatory education has been granted to those overage students who have been able to show that the district

had failed to provide a free appropriate education during the years it was obligated to do so.

We agree with the United States Court of Appeals in *Lester H.* v. *Gilhool* (C.A. 3, 1990), 916 F. 2d 865, 872, which held that *Honig* does not preclude an award of compensatory education beyond the age of entitlement for the denial of an appropriate education before age twenty-two.

It is thus *possible* that the hearing officer *could* have ordered compensatory education after a finding that the student did not receive a free appropriate education.

Accordingly, the court of appeals' ruling that the hearing officer was without jurisdiction is error since it precluded him from considering the issue of possible compensatory education.

Since we find that appellant had jurisdiction to conduct the hearing on this substantive basis, we need not address his other arguments based on procedural grounds.

The judgment of the court of appeals is reversed, and the writ of prohibition is denied.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.