779 F.Supp. 203 (1991)
Sandra J. COCORES, By and Through her co-guardians and next friends, Carol J. HUGHES and Tri-County Community Action Program, Inc.
v.
PORTSMOUTH, NEW HAMPSHIRE, SCHOOL DISTRICT, et al.
Civ. No. 90-380-D.
United States District Court, D. New Hampshire.
December 17, 1991.
David J. KillKelley, KillKelley Law Office, Laconia, N.H., Ronald K. Lospennato, Disabilities Rights Center, Inc., Concord, N.H., for plaintiffs.
Kathleen M. Dwyer, Portsmouth City Attorney's Office, Portsmouth, N.H., Arnold H. Huftalen, Matthias J. Reynolds, Devine, *204 Millimet & Branch, P.A., Manchester, N.H., Edward E. Lawson, Jr., Kidder & Lawson, Laconia, N.H., Tracy D. Hill, Sulloway, Hollis & Soden, Concord, N.H., Catherine C. Stern, Stern Law Office, Turnbridge, Vt., Robert A. Casassa, Casassa & Ryan, Hampton, N.H., Charla Bizios Labbe, Kfoury & Elliott, P.A., Manchester, N.H., Ann F. Larney, Attorney General's Office, Concord, N.H., Gerald M. Zelin, Soule, Leslie, Zelin, Sayward & Loughman, Salem, N.H., Gordon B. Graham, Soule, Leslie, Zelin, Sayward & Loughman, Salem, N.H., for defendants.

ORDER
DEVINE, Chief Judge.
Plaintiff is a twenty-two-year-old female suffering from cerebral palsy, blindness, and severe mental retardation. She brings this civil action against several school districts, the State of New Hampshire, and the state's Commissioner of Education, alleging that the defendants deprived her of a free appropriate public education and related procedural protections in contravention of the Individuals with Disabilities Education Act ("IDEA"),[1] 20 U.S.C. § 1400 et seq.; New Hampshire Revised Statutes Annotated (RSA) 186-C:1 et seq.; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; 42 U.S.C. § 1983 for violations of the United States Constitution; and the New Hampshire Constitution.

Background
On August 10, 1990, plaintiff, then twenty-one years of age,[2] filed both this civil action and a request for a due process hearing with the New Hampshire Department of Education.[3] On October 9, 1990, Senior Judge Loughlin of this court ordered that the federal proceedings be stayed until plaintiff exhausted her administrative remedies at the state level. The Department of Education hearing officer dismissed the administrative proceeding on November 30, 1990, finding that he had no authority to provide the sought-after remedy; i.e., compensatory education, to a handicapped person who reached the age of twenty-one prior to commencing the administrative process.
Plaintiff subsequently filed a Motion to Reverse Decision of Hearing Officer and for Injunctive Relief seeking, in effect, remand to the hearing officer for a merit-based determination of plaintiff's IDEA case. Following a hearing, Magistrate Judge Barry recommended that the request for reversal be denied. The court now turns to plaintiff's timely objection to that recommendation.
Initially, the court notes that the hearing officer and the magistrate judge reached similar conclusions, but for different reasons. The hearing officer, while perhaps recognizing that compensatory education might be available to plaintiff, concluded that he  as opposed to the court  did not have jurisdiction to grant such relief to an over-twenty-one plaintiff.[4] Magistrate Judge Barry, on the other hand, did not address the power of the hearing officer viz-a-viz the court, but instead suggested that plaintiff was simply barred from seeking *205 such a remedy after her twenty-first birthday. For the reasons stated below, the court finds both positions incorrect.
Magistrate Judge Barry relied on Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), for the proposition that plaintiff, because she is over the age of twenty-one, is ineligible for the benefits and protections of the IDEA. This court, however, finds Honig inapplicable to this case.
In Honig, Doe and Smith, emotionally disturbed students, were suspended from school for disruptive behavior pending the conclusion of expulsion proceedings. Doe's suit, in which Smith intervened, sought injunctive relief. The district court had permanently enjoined the school district from suspending these disabled students for more than five days and from changing their placement without parental consent while the contested IDEA hearing was pending. However, the Supreme Court decided the controversy was moot as to Doe, who at twenty-four was "no longer entitled to the protections and benefits of the [IDEA], which limits eligibility to disabled children between the ages of three and 21." Honig, supra, 484 U.S. at 318, 108 S.Ct. at 601. But the controversy was still justiciable as to Smith, who was just under twenty-one when the case reached the Court. This court is persuaded that "Honig does not bar relief after age 21, as long as plaintiff is under 21 when the violation occurs." Lester H. v. Carroll, 16 Educ.Handicapped L.Rep. 10, 14 (E.D.Pa. Nov. 9, 1989), aff'd sub nom., Lester H. v. Gilhool, supra, 916 F.2d at 865.
As the Third Circuit stated,
The crucial difference between Honig and [plaintiff's] case is the nature of the relief. In Honig, Doe was only asking that the Court make the District comply with the Act in the future. But, as an adult (i.e., someone over age 21), Doe had no right to demand that the District comply with the Act either presently or in the future. The Act only gives minors the right to education. [Plaintiff], in contrast, is only requesting a remedy to compensate him for rights the district already denied him. He has the right to ask for compensation because the School District violated his statutory rights while he was entitled to them.
If Honig stands for the proposition defendants assert, school districts would be immune from suit if they simply stopped educating intended beneficiaries of the [Act] at age 18 or 19. Those beneficiaries' cases would take at least two years to be reviewed, and even if the reviewing courts found the school districts' behavior egregious, the courts would be powerless to aid the intended beneficiaries because those beneficiaries would now be over age 21. We cannot believe that either Congress or the Supreme Court meant to allow a school district to withhold a disabled minor's educational rights at age 18 or 19 without remedy.
Id. at 872.
Here, plaintiff seeks compensation for an alleged deprivation of rights which occurred between ages three and twenty-one  a time during which she was entitled to those rights.[5] Accordingly, the court finds that plaintiff's present age is no bar to an award of compensatory education.
Finally, the court finds erroneous the hearing officer's conclusion that the authority of the administrative process  as opposed to that of the court  does not extend to an award of compensatory education to the over-twenty-one plaintiff. "It seems incongruous that Congress intended the reviewing court to maintain greater authority to order relief than the hearing officer, especially in light of the hearing officer's expertise in the area." S-1 by and through P-1 v. Spangler, 650 F.Supp. 1427, 1431 (M.D.N.C.1986), vacated as moot, 832 F.2d 294 (4th Cir.1987).[6]
*206 Given the importance the IDEA places on protections afforded by the administrative process,[7] this court finds and rules that the hearing officer's ability to award relief must be coextensive with that of the court. To find otherwise "would make the `heart of the [Act's] administrative machinery, its impartial due process hearing' less than complete." Id. at 1431 (quoting Manecke v. School Bd. of Pinellas County, 762 F.2d 912, 919 (11th Cir.1985), cert. denied, 474 U.S. 1062, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986)) (footnote omitted). "It is thus possible that the hearing officer could have ordered compensatory education after a finding that [plaintiff] did not receive a free appropriate public education." Board of Educ. of Strongsville v. Theado, 57 Ohio St.3d 162, 163, 566 N.E.2d 667, 668, reh'g denied, 58 Ohio St.3d 715, 570 N.E.2d 282 (1991).
For the reasons stated herein, the court declines to adopt the Recommendation of the magistrate judge. Plaintiff's Motion to Reverse the Decision of the Hearing Officer is granted. This case is remanded to the New Hampshire Department of Education for the purpose of holding a due process hearing to determine the merits of plaintiff's IDEA claim. Plaintiff's non-IDEA claims are stayed pending completion of the administrative process.
SO ORDERED.
NOTES
[1] The relevant statute has undergone frequent name changes. "IDEA" is the current moniker.
[2] Plaintiff was born on January 21, 1969.
[3] The crux of plaintiff's complaint is that she has not received any educational services during her lifetime.
[4] The concept of compensatory education is not new. In Burlington School Comm. v. Department of Educ., 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), the Supreme Court held that tuition reimbursement is an appropriate remedy because it "merely requires the Town to belatedly pay expenses it should have paid all along." Id. at 370-71, 105 S.Ct. at 2003. Other courts extended the same rationale to compensatory education on the theory that a school district should not escape liability for services simply because a parent was unable to "front" the costs of private education and wait for reimbursement. Miener v. State of Missouri, 800 F.2d 749 (8th Cir.1986); see also Mrs. C. v. Wheaton, 916 F.2d 69 (2d Cir.1990); Lester H. v. Gilhool, 916 F.2d 865 (3d Cir.1990), cert. denied, Chester Upland School Dist. v. Lester H., ___ U.S. ___, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991); Burr by Burr v. Ambach, 863 F.2d 1071 (2d Cir.1988), vacated, 492 U.S. 902, 109 S.Ct. 3209, 106 L.Ed.2d 560, aff'd, 888 F.2d 258 (2d Cir.1989). The court agrees with this reasoning and proceeds to the disputed issues.
[5] Under 20 U.S.C. § 1412(2)(B), "a free appropriate education [must] be available for all handicapped children ... between the ages of three and twenty-one."
[6] The magistrate judge implicitly accepted the reasoning of S-1, but rested his recommendation on the more general principle that plaintiff's age was a complete bar to relief. See Report and Recommendation at 5.
[7] As the Supreme Court has stated:

[W]e think that the importance Congress attached to these procedural safeguards cannot be gainsaid. It seems to us no exaggeration to say that Congress placed every bit as much emphasis upon compliance with procedures giving parents and guardians a large measure of participation at every stage of the administrative process ... as it did upon the measurement of the resulting IEP against a substantive standard.
Board of Educ. v. Rowley, 458 U.S. 176, 205-06, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982).