Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.
09-3526-cv

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of November, two thousand ten.

PRESENT: DENNIS JACOBS,
                                Chief Judge,
              JOSÉ A. CABRANES,
              JOHN M. WALKER, JR.,
                                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

DAVID STRECK, DONNA STRECK,

         Plaintiffs-Appellants,

         -v.-                                          09-3526-cv

BOARD OF EDUCATION OF THE EAST
GREENBUSH CENTRAL SCHOOL DISTRICT,

         Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - -X

_____

* The Clerk of Court is respectfully instructed to amend the official case caption as shown above.

1

**FOR APPELLANTS:**     Fred Hutchison
                        Donohue, Sabo, Varley & Armstrong, P.C.
                        24 Aviation Rd.
                        Albany, NY 12212

**FOR APPELLEE:**       Gregg T. Johnson
                        Jacinda Hall Conboy
                        Lemire Johnson, LLC
                        2534 Route 9, PO Box 2485
                        Malta, NY 12020

Appeal from a July 16, 2009 order of the United States District Court for the Northern District of New York (Sharpe, J.) awarding Plaintiffs-Appellants $8,640.00 in equitable relief.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's order is **VACATED** and the case is **REMANDED** to the district court for proceedings consistent with this summary order.

Donna and David Streck ("the Strecks") appeal the district court's order granting them $8,640.00 based on a judgment from a State Review Officer ("SRO") that the East Greenbush Central School District ("Greenbush") had denied David Streck a free appropriate public education for a prolonged period of time in gross violation of the Individuals with Disabilities Education Act ("IDEA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**Standard of Review.** In this case, we review the district court's interpretation of an SRO's written award. Interpretation of a legal document is a question of law, which we review de novo. See, e.g., ReliaStar Life Ins. Co. of N.Y. v. Home Depot U.S.A., Inc., 570 F.3d 513, 517 (2d Cir. 2009) (interpretation of contract terms); Cent. States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 247 (2d Cir. 2007) (interpretation of settlement agreement terms).

**Tuition.** The SRO's order denied the Streck's request for reimbursement of the costs associated with Dadi's attendance at Landmark College ("Landmark") "except to the extent that such costs and/or fees are specifically associated with the implementation of the reading program."

2

Application of the Bd. of Educ. of the E. Greenbush Cent. Sch. Dist., No. 03-010, at *3 (N.Y. State Dep't of Educ., State Review Office, Oct. 29, 2003). With respect to David's tuition, the district court concluded that only three of the nine courses David took at Landmark were part of the school's "reading program" within the meaning of the SRO's award. While the award explicitly forecloses the Strecks's argument that virtually the entire experience at Landmark should be deemed integral to the school's "reading program," we conclude that the district court erred by excluding the two writing courses that David took from the courses included in Landmark's reading program. Thus, the SRO's award should be construed to include five of the nine courses David took during his year at Landmark. Accordingly, the base tuition for which Greenbush must reimburse the Strecks is $18,889 ($34,000 x 5/9).

**Scholarship**. David received scholarships and financial aid that covered approximately 37% of his tuition during his year at Landmark. The district court correctly reduced the base tuition reward on a pro-rated basis to reflect this. Accordingly, the scholarship-adjusted tuition for which Greenbush must reimburse the Strecks is $11,900 ($18,889 x 63%).

**Room/Board/Laptop/Miscellaneous Expenses**. As the district court correctly concluded, expenses related to David's room, board, and miscellaneous college fees at Landmark are not "specifically associated with the implementation of the reading program" at Landmark and should therefore be excluded from the SRO's award. However, the district court erred in excluding the cost of the laptop and reading-related software David was required to purchase for the reading program at Landmark. This laptop and software was specifically associated with Landmark's reading program and is therefore included in the SRO's award. Accordingly, Greenbush must reimburse the Strecks for the cost of the laptop and reading software, totaling $2,125.

**Neuropsychological Evaluation**. The district court correctly decided that the Strecks are entitled to a $1,500 reimbursement for David's independent neuropsychological evaluation.

**Interest**. The Strecks are entitled to interest on the tuition, laptop, and neuropsychological evaluation expenses they incurred almost a decade ago. Accordingly, for

3

expenses already incurred, Greenbush must reimburse the Strecks $14,025 plus interest ($11,900 + $2,125).

The district court shall compute interest on each of these expenses using the standard federal interest calculation methodology in 28 U.S.C. § 1961(a). However, because the Strecks incurred these costs years before the first district court decision in this case, the interest on these expenses should run not from the date of the district court's first decision (as generally prescribed by 28 U.S.C. § 1961(a)), but from the date on which the Strecks actually paid each expense.

The Strecks should submit to the district court evidence of the dates on which they paid each tuition, laptop, and neuropsychological evaluation expense. If the Strecks are unable to provide evidence of the month a payment was made, the payment date will be deemed to be the date of the SRO's award (October 29, 2003).

**Additional Two Years of Compensatory Education.** In enacting the IDEA, Congress did not intend to create a right without a remedy. Burr v. Ambach, 863 F.2d 1071, 1078 (2d Cir. 1988), vacated on other grounds sub. nom Sobol v. Burr, 491 U.S. 902 (1989), reaff'd, 888 F.2d 258 (2d Cir. 1989). Therefore, when a court grants prospective compensatory education under the IDEA, the prevailing party's ability to utilize that award cannot turn on its ability to finance the costs of the education awarded. Id. To implement the SRO's award, the value of the prospective compensatory education must be set aside by the school district and placed in ESCROW for use in paying *up-front* for the compensatory education expenses.

The district court shall order Greenbush to open, and maintain for a period of three years, an ESCROW account, which will be used to pay for David's remaining two years of compensatory reading education. The Strecks are entitled to recover from this ESCROW account only the amount that they actually spend on additional reading education for David, as evidenced by receipts or bills from David's educator or educational institution. The Strecks shall provide these bill or past receipts to the ESCROW account manager, who will then pay the appropriate party out of the ESCROW account. Any money left in the ESCROW account after three years will be returned to Greenbush.

4

The amount that Greenbush must place in the ESCROW account--and the maximum that the Strecks can require Greenbush to pay for David's final two years of compensatory education--is twice the value of the reading program as implemented by Landmark in 2002-2003, excluding the one-time laptop expense and without offset for the one-time scholarship granted by Landmark. Accordingly, Greenbush must place $37,778 ($18,889 x 2) in an ESCROW account for the Strecks to use in providing David with two more years of compensatory education.

**Attorney Fees and Litigation Costs.** Compensatory education is an equitable award under the IDEA. Somoza v. N.Y.C. Dep't of Educ., 538 F.3d 106, 109 n.2 (2d Cir. 2008). A parent who receives such an award pursuant to an administrative proceeding, such as a hearing in front of an Independent Hearing Officer ("IHO") or SRO, is considered a "prevailing party" under the IDEA and is entitled to reasonable attorneys' fees and litigation costs. A.R. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 73-75 (2d Cir. 2005); 20 U.S.C. § 1415(i)(3)(B). Reasonable attorneys' fees under the IDEA are calculated using the "lodestar" method, "whereby an attorney fee award is derived 'by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate.'" A.R., 407 F.3d at 79 (citation omitted). The reasonable hourly rate for such calculation is determined by the "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

The Strecks have been the "prevailing party" at each step of this litigation. Accordingly, they are entitled to the reasonable litigation costs and attorneys' fees associated with this litigation, including the initial IHO hearing, the SRO appeal, the first and second district court proceedings, the first and present Second Circuit appeals, and any subsequent proceedings required to implement the SRO's award. The Strecks and their attorneys shall submit to the district court evidence of the litigation costs and attorney hours spent on each of these proceedings. Reasonable litigation costs and attorneys' fees should be based on the lodestar method and the prevailing local rates for such services.

We hereby **VACATE** the district court's order granting the Strecks $8,640.00.  We **REMAND** to the district court for proceedings consistent with this summary order.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK