GENE D. CLAYTON and LINDA R. CLAYTON, Jointly and Severally, Appellants, *v.* WILLARD O. GARDNER, Respondent.

No. 21260

June 28, 1991                                              813 P.2d 997

*Houston & Freeman* and *Moreen Scully,* Reno, for Appellants.

*Vaughan, Hull, Copenhaver & Zingale,* Elko, for Respondent.

## OPINION

*Per Curiam:*

In April of 1981, appellant Gene Clayton (Clayton) delivered to respondent Willard Gardner (Gardner) two promissory notes, one for $60,550.00 and another for $110,000.00. Each note provided that Clayton was to satisfy his debt to Gardner through a series of installment payments. In addition, each note contained an acceleration clause, which provided that, if Clayton should miss one of the installment payments, Gardner had the option of declaring the entire note due. Clayton never made a single payment on either of the notes. In 1988, therefore, Gardner activated the acceleration clauses, and demanded the entire balance from Clayton. When Clayton still failed to pay, Gardner brought this action for collection in 1989.

Clayton's sole defense to Gardner's action was that, since Gardner's lawsuit was brought in 1989, and the initial defaults occurred in 1982, collection of the debts was barred by the six-year statute of limitations.[1] The district court held however, that the limitations statute had run only on the installment payments that were due more than six years before Gardner commenced this action. In addition, because Clayton asserted no defense other than the statute of limitations, the district court granted summary judgment in favor of Gardner on those installment payments that were not time barred.

---

[1]The applicable statute of limitations in this action is NRS 11.190, which provides, in pertinent part: "Actions . . . can only be commenced as follows: 1. Within six years: . . . (b) An action upon a contract, obligation or liability founded upon an instrument in writing . . . ."

Clayton now appeals. On appeal, Clayton again argues that collection of the entire debt was foreclosed by the statute of limitations.[2] We have concluded, however, that the action of the court below was proper, and we therefore affirm.

Appellant contends that Gardner's entire action is barred by the statute of limitations. The premise of this argument is that the acceleration clauses operated automatically upon Clayton's initial defaults, and that therefore, the entire balance on the notes came due at that time. Further, appellant asserts, because the entire balance on each note became collectable soon after the initial default, the six-year statute of limitations began to run, and expired some time in 1988. Since Gardner did not bring this lawsuit until 1989, Clayton contends this action is time barred.

[Headnote 1]

Although the issue is one of first impression in Nevada, this area of the law has been discussed often by the courts in other states. To begin, many courts have held that the activation of an acceleration clause requires some affirmative conduct on the part of the lender. In Moresi v. Far West Services, 291 F.Supp. 586, 588 (D. Hawaii 1968), the court stated that,

> "[t]he law is well settled that where the acceleration of the installment payments in cases of default is optional on the part of the holder, then the entire debt does not become due on the mere default of payment but affirmative action on the part of the creditor must be taken. . . ."

In addition, the court in United States v. Feterl, 849 F.2d 354, 357 (8th Cir. 1988), observed that "acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention. . . ."

It is further settled that where contract obligations are payable by installments, the limitations statute begins to run only with respect to each installment when due, unless the lender exercises his or her option to declare the entire note due. Trigg v. Arnott, 71 P.2d 330 (Cal.App. 1937); In re Light, 585 P.2d 311, 312 (Colo.App. 1978); Thomas v. Goff, 596 P.2d 794, 797 (Idaho

---

[2]Additionally, Clayton contends that the district court erred when it denied his request to extend discovery. We have concluded that this contention is without merit.

1979); Welty v. Western Bank of Las Cruces, 740 P.2d 120, 122 (N.M. 1987).[3]

An application of these principles to the instant case reveals that the action taken by the district court was clearly proper. To begin, the trial court was correct in holding that no implied acceleration took place, since the acceleration clause required affirmative action on the part of the lender, and Gardner took no such action until 1988. Thus, until 1988, the statute of limitations began to run only with respect to each installment when due. Consequently, only those installments that were due more than six years prior to January 11, 1989 (the day when this action was initiated), are barred by the limitations statute. Because the district court so held, we affirm the ruling of the district court.

---

[3]The rationale behind this rule is that if the statute of limitations were to begin to run on the entire debt immediately following default on a single installment, then lenders would be forced to file suit immediately, rather than allow borrowers a chance to cure. Such an outcome, courts have observed, would increase the amount of litigation in these matters, as well as make the consequences of a single default far more severe to borrowers.