# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST AMERICAN TITLE INSURANCE
COMPANY, A CALIFORNIA
CORPORATION; AND WELLS FARGO
BANK, NA, AS TRUSTEE FOR WAMU
MORTGAGE PASS THROUGH
CERTIFICATE SERIES 2005-PR2
TRUST,
Appellants,
vs.
NORRIS R. COIT, AN UNMARRIED
MAN; NORRIS R. COIT, TRUSTEE
UNDER THE NORRIS R. COIT FAMILY
TRUST (U/D/T/: MAY 19, 2004); AND
JULIE C. COIT, EXECUTOR OF THE
ESTATE OF NORRIS R. COIT,
DECEASED,
Respondents.

No. 70860

FILED

FEB 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment and an order denying a motion for NRCP 60(b) relief. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for respondents. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). Although appellants argue that the district court should have applied NRS 11.190(1)(b)'s 6-year limitation period to its reformation claim and its proposed judicial foreclosure/breach-of-contract claim because "the nature of the grievance sounds in contract," appellants did not make that argument in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49,

18-07337

52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").[1] Rather, in district court, appellants contended that their judicial reformation claim was only "incidental to" its proposed judicial foreclosure/breach-of-contract claim and not "essential to" that claim. Because appellants have not addressed the propriety of the district court's ruling on the "incidental to"/"essential to" issue, we perceive no basis for reversing the district court's ruling. Accordingly, we affirm the district court's summary judgment in favor of respondents.

We also conclude that the district court was within its discretion in denying appellants' motion for NRCP 60(b) relief. *See Ford v. Branch Banking & Tr. Co.*, 131 Nev., Adv. Op. 53, 353 P.3d 1200, 1202 (2015) (reviewing a district court's denial of an NRCP 60(b) motion for an abuse of discretion). Although appellants primarily argue that their former law firm should have asserted a breach-of-contract claim in the original complaint, this argument has no bearing on the district court's reasoning for determining that NRCP 60(b) relief was unavailable under subsections 1, 2, or 3. Similarly, although appellants argue that the district court should have held "an evidentiary hearing to determine the extent and

---

[1]Similarly, appellants' argument regarding NRS 106.240 was not raised in its summary judgment motion practice, nor was that argument pertinent to the identified grounds for granting NRCP 60(b) relief. In any event, we question the merit of that argument in light of the March 2010 notice of default that declared the loan due in full. *Cf. Clayton v. Gardner*, 107 Nev. 468, 470, 813 P.2d 997, 999 (1991) ("[W]here contract obligations are payable by installments, the limitations statute begins to run only with respect to each installment when due, *unless the lender exercises his or her option to declare the entire note due.*" (emphasis added)).

impact of the undisclosed conflict of interest raised by Plaintiffs' Motion to Alter or Amend," it appears undisputed that the undisclosed conflict of interest was case-dispositive. To the extent appellants are arguing that an evidentiary hearing was necessary to determine whether Julie Coit and her counsel participated in the alleged fraud, that argument was not coherently presented to the district court such that the district court could have potentially abused its discretion in declining to hold such a hearing.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Stiglich

cc:     Hon. Connie J. Steinheimer, District Judge
        Paul F. Hamilton, Settlement Judge
        Kolesar & Leatham, Chtd.
        Law Offices of Thomas J. Hall
        Washoe District Court Clerk

---

[2]Appellants' reliance on *Brown v. Eighth Judicial District Court*, 116 Nev. 1200, 14 P.3d 1266 (2000), is misplaced. In *Brown*, this court simply observed that attorney disqualification matters are fact-driven and best left to the district court's discretion. *Id.* at 1205-06, 14 P.3d at 1269-71. We did not hold that a district court is obligated to conduct an after-the-fact evidentiary hearing to determine whether in hindsight a law firm should have been disqualified.