**138 Nev., Advance Opinion 22**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant/Cross-Respondent,
vs.
U.S. BANK N.A., A NATIONAL
BANKING ASSOCIATION; AND
NATIONSTAR MORTGAGE, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE LXS
2006-4N TRUST FUND,
ERRONEOUSLY PLEADED AS U.S.
BANK, N.A.,
Respondents/Cross-Appellants.

No. 81293



FILED

APR 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Petition for rehearing of an order affirming a district court judgment in a quiet title action.

*Rehearing denied.*

Hanks Law Group and Karen L. Hanks and Chantel M. Schimming, Las Vegas,
for Appellant/Cross-Respondent.

Kravitz Schnitzer Johnson Watson & Zeppenfeld, Chtd., and Gary E. Schnitzer, Las Vegas; Troutman Pepper Hamilton Sanders LLP and Aaron D. Lancaster, Atlanta, Georgia,
for Respondents/Cross-Appellants.

Fennemore Craig P.C. and Leslie Bryan Hart and John D. Tennert, Reno, for Amicus Curiae Federal Housing Finance Agency.

BEFORE THE SUPREME COURT, HARDESTY and STIGLICH, JJ., and GIBBONS, Sr. J.[1]

*OPINION*

By the Court, HARDESTY, J.:

NRS 106.240 provides a means by which liens on real property are automatically cleared from the public records after a certain period of time. In particular, NRS 106.240 provides that 10 years after the debt secured by the lien has become "wholly due" and has remained unpaid, "it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged."

During the financial crisis that began in the 2000s, thousands of Nevada homeowners defaulted on their home loans, and their lenders recorded notices of default. Those notices accelerated the homeowners' loan balance, thereby arguably making the loan "wholly due" for purposes of NRS 106.240.[2] Now, roughly 10 years after the notices of default were recorded and the loans have remained unpaid, disputes have arisen between property owners (such as appellant) and lenders (such as respondents) over whether NRS 106.240 extinguishes the deeds of trust securing those loans, such that the lenders no longer have any security interest in the properties.

The specific question presented in this case is what effect a notice of rescission has on NRS 106.240's 10-year time frame when it is

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

[2]Given the procedural posture of this case, we decline to definitively resolve whether acceleration of a loan makes the loan "wholly due" for purposes of triggering NRS 106.240's 10-year time frame. This opinion assumes that acceleration makes the loan "wholly due."

 

recorded after a notice of default. We previously answered this question in an unpublished decision in *Glass v. Select Portfolio Servicing, Inc.*, No. 78325, 2020 WL 3604042 at *1 (Nev. July 1, 2020) (Order of Affirmance), reasoning that because a notice of rescission rescinds a previously recorded notice of default, the notice of rescission "effectively cancelled the acceleration" triggered by the notice of default, such that NRS 106.240's 10-year period was reset. Consistent with *Glass*, we affirmed the district court's judgment in this case in an unpublished decision. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, No. 81293, 2021 WL 4238769 (Nev. Sept. 16, 2021) (Order of Affirmance). Appellant now seeks rehearing, arguing that we misapprehended material facts. As explained below, we disagree and therefore deny rehearing.

*FACTS AND PROCEDURAL HISTORY*

The subject property was previously owned by nonparty Magnolia Gotera, who, in 2005, obtained a loan from nonparty Countrywide Home Loans. That loan was secured by a deed of trust, which included a paragraph relating to Countrywide's right to accelerate the unpaid balance of the loan if Gotera defaulted. In 2007, Gotera stopped making payments on her loan, and in 2008, Countrywide's trustee recorded a notice of default. This notice explained that Countrywide "has declared and hereby does declare all sums secured [by the deed of trust] immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby." Later that year, Countrywide's trustee recorded a notice of rescission, which stated, among other things, that the notice of default was being rescinded. After the notice of rescission was recorded, ownership of Gotera's loan was assigned to respondent U.S. Bank, which remains the loan's owner. The loan is serviced by respondent

Nationstar Mortgage (U.S. Bank and Nationstar are collectively referred to as "the bank").

Around the time that Gotera defaulted on her mortgage payments, she also defaulted on her homeowners' association (HOA) dues. From 2008 to 2013, the HOA sent Gotera and others various foreclosure notices. In 2011, Countrywide's agent tendered the superpriority portion of the HOA's lien to the HOA's agent, thereby curing the superpriority default. *See generally Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 605, 612-13, 427 P.3d 113, 116, 121 (2018) (holding that tendering the superpriority portion of an HOA's lien cures the default as to that portion of the HOA's lien by operation of law and that an ensuing HOA foreclosure sale does not extinguish a first deed of trust). When the HOA's remaining balance was not paid, the HOA held a foreclosure sale in 2014. At the sale, appellant SFR Investments placed the winning bid in the amount of $59,000.

Following the sale, the HOA's agent filed the underlying interpleader action, seeking direction from the district court as to how the foreclosure proceeds should be distributed. SFR and the bank filed answers and asserted claims against each other for quiet title, in essence disputing whether SFR owned the property free of the bank's deed of trust. The district court held a bench trial in 2020, at which evidence was introduced showing that Countrywide had made a superpriority tender.

At the close of the bank's case in chief, SFR filed a motion for judgment on partial pleadings under NRCP 52(c). In particular, SFR argued that it was entitled as a matter of law to a judgment that the bank's deed of trust no longer encumbered the property based on NRS 106.240. SFR argued that the 2008 notice of default had accelerated the loan balance

and made it "wholly due" for purposes of triggering NRS 106.240's 10-year time frame. It further argued that because neither the bank nor its predecessor took an affirmative step to decelerate the loan, NRS 106.240 dictated that the deed of trust securing that loan was "conclusively presumed [to be] discharged" in 2018, i.e., 10 years after the notice of default was recorded.

The district court denied SFR's NRCP 52(c) motion and ultimately granted judgment for the bank, reasoning that the superpriority tender preserved the deed of trust and that SFR owned the property subject to the deed of trust. In so doing, the district court rejected SFR's arguments regarding NRS 106.240 on alternative grounds. First, the district court reasoned that NRS 106.240's 10-year time frame was tolled by virtue of the bank asserting its claim for quiet title. Second, the district court reasoned that the statute does not apply in cases like this one—outside the borrower/lender context—because SFR was not personally liable for paying the loan that the bank's deed of trust secured.

SFR appealed, taking issue with both grounds upon which the district court denied its motion based on NRS 106.240. In response, the bank argued that this court could affirm on a different ground, namely that consistent with *Glass*, the notice of rescission effectively reset NRS 106.240's 10-year time period. SFR replied that *Glass* was not only a nonbinding unpublished decision, *see* NRAP 36(c)(2)-(3), but was also wrongly decided. Finding SFR's latter argument unpersuasive, we affirmed the district court's judgment consistent with *Glass* and did not address either of the district court's two grounds.[3] *See SFR Invs. Pool 1, LLC v. U.S.*

_____

[3]Based on our resolution of this rehearing petition, we need not address those grounds here, either.

*Bank, N.A.*, No. 81293, 2021 WL 4238769 (Nev. Sept. 16, 2021) (Order of Affirmance). This petition for rehearing followed.

## DISCUSSION

This court will consider a petition for rehearing "[w]hen the court has overlooked or misapprehended a material fact in the record or a material question of law in the case." NRAP 40(c)(2)(A). Alternatively, this court will consider a rehearing petition "[w]hen the court has overlooked, misapplied or failed to consider a statute, procedural rule, regulation or decision directly controlling a dispositive issue in the case." NRAP 40(c)(2)(B).

SFR makes two arguments that this court misapprehended material facts in the record, one of which primarily focuses on language in the notice of default, the other of which primarily focuses on language in the notice of rescission. As explained below, we are not persuaded by either of SFR's arguments.

SFR's first argument is based on the notice of default's statement that Countrywide "*has declared* and hereby does declare all sums secured [by the deed of trust] immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby." (Emphasis added.) SFR contends that the "has declared" phrase means that Countrywide accelerated the loan *before* it recorded the notice of default, meaning that rescinding the notice of default did not decelerate the loan. We disagree. Assuming Countrywide was legally permitted to accelerate the loan before it recorded the notice of default,[4] we conclude that the ensuing language "and hereby does declare"

---

[4]SFR observes that NRS 107.080(3) permits a bank to accelerate the loan *after* the notice of default is recorded. Because the statute does not

 

served to redeclare Countrywide's acceleration of the loan. *See Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 414 (2d Cir. 2010) (holding that the "[i]nterpretation of a legal document is [an issue] of law"); *Sanders v. Dias*, 947 A.2d 1026, 1031 (Conn. App. Ct. 2008) ("Intent as expressed in deeds and *other recorded documents* is a matter of law." (emphasis added) (internal quotation marks omitted)). Thus, we reject SFR's argument that some prior unidentified acceleration remained intact after the bank rescinded the notice of default.

SFR's second argument is based on the first sentence in the notice of rescission. In a lengthy sentence, the notice of recission provided that

> [Countrywide] does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell hereinafter described, ***provided, however, that this rescission*** shall not be construed as waiving, curing, extending to, or affecting any default, whether past present or future, . . . or as impairing any right or remedy thereunder, and it ***shall be deemed to be only an election without prejudice not to cause a sale to be made pursuant to such [Notice of Default]***, and it shall not in any way alter or change any of the rights, remedies or privileges secured to the Beneficiary and/or Trustee under such Deed of Trust, nor modify, nor alter in any respect any of the terms, covenants, conditions or obligations contained therein.

---

expressly prohibit a bank from accelerating the loan *before* the notice of default is recorded, SFR contends that Countrywide was legally permitted to do so here. In light of our disposition, we need not address this contention.

(Emphasis added.) SFR correctly observes that this sentence is substantively identical to the sentence in the notice of rescission at issue in *Glass*. SFR also correctly observes that the *Glass* decision quoted only the introductory, non-emphasized portion of this sentence. *See Glass*, 2020 WL 3604042 at *1 ("SPS's rescission clearly states that it 'does hereby rescind, cancel and withdraw the Notice of Default and Election to Sell.'"). From there, SFR contends that when the emphasized language is taken into consideration, the notice of rescission states that the only thing being rescinded is the election to sell the property at foreclosure, *not* the acceleration of the loan. Accordingly, SFR contends that we overlooked or misapprehended the effect of the emphasized language.

We are not persuaded by SFR's argument, as we did not overlook or misapprehend the effect of this language.[5] We concluded in this case that the relied-upon language did not have the effect SFR proffers. The statement, "this rescission . . . shall be deemed to be only an election without prejudice not to cause a sale to be made pursuant to such [notice of default]" does not change the fact that the bank rescinded the notice of default—the document that accelerated the loan. Nor is it self-evident from any of the remaining language that Countrywide was trying to rescind the document that accelerated the loan while also keeping the loan accelerated.

---

[5]This is not to say that SFR's argument is wholly meritless, as we recognize that SFR has provided for comparison an example of a notice of rescission from an unrelated matter that expressly states the loan's acceleration is being rescinded, and we also recognize that Nevada's federal district court has agreed with SFR. *See Bank of Am., N.A. v. Madeira Canyon Homeowners Ass'n*, 423 F. Supp. 3d 1029, 1033 (D. Nev. 2019), *rev'd and remanded sub nom. Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211 (9th Cir. 2021) (reversing based on *Glass*). Nonetheless, we conclude that rehearing is unwarranted.

Such an intent would make Gotera (or anyone else obligated under the loan) perpetually liable for the full loan balance even without the bank recording a subsequent notice of default. This would in essence eliminate NRS 107.080(3)'s 35-day right to "make good of the deficiency in performance or payment" following the recordation of a notice of default, because under SFR's view, the entire loan balance would continually be due. We decline to adopt such a reading of the notice of rescission in this case. *Cf.* 17A Am. Jur. 2d Contracts § 335 (2021) ("Courts are obligated to construe contracts that are potentially in conflict with a statute, and thus void as against public policy, where reasonably possible, to harmonize them with the statute.").[6]

In sum, we did not overlook or misapprehend any material facts in the record. NRAP 40(c)(2)(A). We therefore deny SFR's petition for rehearing.

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, Sr. J.
Gibbons

---

[6]We recognize that a notice of rescission is not necessarily a contract. Nonetheless, we see no reason why principles of contract interpretation should not apply to the interpretation of publicly recorded documents.

Supreme Court
of
Nevada

(O) 1947A