IN THE SUPREME COURT OF THE STATE OF NEVADA

PINE RIVER LANE TRUST, A NEVADA TRUST,
Appellant,
vs.
HSBC BANK USA N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST 2007-HE1 ASSET BACKED PASS-THROUGH CERTIFICATES, A NATIONAL ASSOCIATION,
Respondent.

No. 83703

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in an action to quiet title. Eighth Judicial District Court, Gloria Sturman, Judge. Reviewing the order de novo, *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008), we affirm.[1]

In dismissing appellant's complaint, the district court assumed that a February 2010 Notice of Default was sufficient to trigger NRS 106.240's 10-year limitations period but concluded that an October 2010 Notice of Rescission effectively reset that period. After this appeal was docketed, this court decided *SFR Investments Pool 1, LLC v. U.S. Bank,*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-32025

*N.A.*, 138 Nev., Adv. Op. 22, 507 P.3d 194 (2022), which, as appellant acknowledges, is consistent with the district court's reasoning.[2]

Nonetheless, appellant contends that it should have been allowed to conduct discovery into whether respondent's predecessors accelerated the loan either before or after the October 2010 Notice of Rescission. We are not persuaded that the district court abused its discretion in denying appellant's request. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (reviewing a district court's refusal to allow discovery for an abuse of discretion). Contrary to appellant's interpretation *SFR*, we held that a Notice of Rescission was effective to reset any acceleration that may have occurred before the Notice of Default. *See SFR*, 138 Nev., Adv. Op. 22, 507 P.3d at 197 ("Thus, we reject SFR's argument that some prior unidentified acceleration remained intact after the bank rescinded the notice of default."). And to the extent that appellant articulated its desire to conduct discovery into whether there was an acceleration after the Notice of Rescission that would have also implicated NRS 106.240's 10-year time frame, the district court was well within its discretion to deny that request. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in fishing

---

[2]In *SFR*, the deed of trust beneficiary made a superpriority tender, such that the deed of trust remained as an encumbrance following the HOA's foreclosure sale. 138 Nev., Adv. Op. 22, 507 P.3d at 196. In this case, the record is unclear why the HOA's foreclosure sale did not extinguish the deed of trust.

SUPREME COURT
OF
NEVADA

(O) 1947A

expeditions." (internal quotation marks and alterations omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Herndon                                Gibbons


cc:    Hon. Gloria Sturman, District Judge
       Persi J. Mishel, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Houser LLP
       Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.