IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LDG GOLF, INC., A CALIFORNIA CORPORATION,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION,<br>Respondent. | No. 83056 |

**FILED**

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion for summary judgment in an action to quiet title. Eighth Judicial District Court, Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In July 2009, respondent's predecessor recorded a Notice of Default indicating that the former property owners were in default on their mortgage payments. In October 2009, respondent's predecessor recorded another Notice of Default. In 2011, respondent's predecessor recorded a Notice of Rescission that rescinded the October 2009 Notice of Default.

Appellant is the successor to an entity that purchased the subject property at an HOA foreclosure sale. In previous litigation, this court affirmed a summary judgment in favor of respondent and against appellant's predecessor, concluding that the HOA's foreclosure sale did not extinguish respondent's deed of trust. *See La Jolla Dev. Grp. LLC v. Bank*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-32027

*of Am., N.A.*, No. 74882, 2019 WL 1876696 (Nev. April 25, 2019) (Order Affirming Appeal and Dismissing Cross Appeal).

After this court affirmed the summary judgment, appellant filed the underlying quiet title action. Its action was premised on NRS 106.240's 10-year limitations period and the allegation that the two Notices of Default recorded in 2009 triggered the 10-year period, such that by 2019, respondent's deed of trust no longer encumbered the property. The district court granted summary judgment, reasoning that the 2011 Notice of Rescission effectively rescinded both Notices of Default, such that NRS 106.240's 10-year period was reset. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 138 Nev., Adv. Op. 22, 507 P.3d 194, 197-98 (2022) (concluding that a subsequently recorded Notice of Rescission is effective to reset NRS 106.240's 10-year time period that may have been triggered by recording a Notice of Default).

Appellant contends that the district court erred in determining that the 2011 Notice of Rescission effectively rescinded both 2009 Notices of Default. In particular, appellant contends that the Notice of Rescission expressly rescinded only the October 2009 Notice of Default, thereby leaving the July 2009 Notice of Default intact to trigger NRS 106.240. While we appreciate appellant's contention that the July 2009 Notice of Default remained intact, we are not persuaded that the July 2009 Notice of Default was effective to accelerate the loan and to arguably make it "wholly due" for purposes of NRS 106.240. As this court has recognized, acceleration of a debt must "be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Clayton v. Gardner*, 107 Nev. 468, 470, 813 P.2d 997, 999 (1991) (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)). Here, although the 2009 Notice of Default stated that

respondent's predecessor "does hereby declare all sums secured [by the deed of trust] immediately due and payable," the Notice also provided that the former homeowners could cure the default "upon the Payment of the amounts required by [NRS 107.080] without requiring payment of that portion of the principal and interest which would not be due had no default occurred." Given this conflicting language, we conclude that the July 2009 Notice of Default was not "so clear and unequivocal" as to "leave[ ] no doubt as to [respondent's predecessor's] intention." *Clayton*, 107 Nev. at 470, 813 P.2d at 999. Accordingly, we conclude that the district court correctly determined that NRS 106.240's 10-year period did not elapse by virtue of the July 2009 Notice of Default. *Cf. Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court).

Appellant suggests that our above rationale is precluded by our decisions in *Glass v. Select Portfolio Servicing*, No. 78325, 2020 WL 3604042 (Nev. July 1, 2020) (Order of Affirmance), and *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 138 Nev., Adv. Op. 22, 507 P.3d 194 (2022). In particular, appellant appears to contend those decisions stand for the proposition that recording a Notice of Default is *always* effective to accelerate a loan. However, neither *Glass* nor *SFR* stand for such a proposition. In *Glass*, we *assumed* for purposes of our analysis that such a proposition was correct. *See Glass*, 2020 WL 3604042 at *1 ("The parties do not dispute that the Notice of Default accelerated the loan and made the balance immediately due."). And although our decision in *SFR* could be interpreted to stand for such a proposition, *see* 138 Nev., Adv. Op. 22, 507 P.3d at 195 ("Those notices [of default] accelerated the homeowners' loan

Supreme Court
of
Nevada

(O) 1947A

3

balance, thereby arguably making the loan 'wholly due' for purposes of NRS 106.240."), that isolated statement in our summary of the 2000s financial crisis was not intended to be an across-the-board holding that recording a Notice of Default is *always* effective to accelerate a loan, *see Liu v. Christopher Homes, LLC*, 130 Nev. 147, 151, 321 P.3d 875, 877 (2014) (observing that this court reviews de novo the interpretation of its previous opinions). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr. J.
Gibbons

cc:     Hon. Ronald J. Israel, District Judge
        Charles K. Hauser, Settlement Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.