# IN THE SUPREME COURT OF THE STATE OF NEVADA

FERRELL STREET TRUST,
Appellant,
vs.
U.S. BANK, N.A., A NATIONAL
ASSOCIATION,
Respondent.

No. 83981

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in an action to quiet title. Eighth Judicial District Court, Jasmin D. Lilly-Spells, Judge. Reviewing the order de novo, *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008), we affirm.[1]

In 2019, this court affirmed a summary judgment in favor of respondent and against appellant's predecessor. *See Cogburn St. Tr. v. U.S. Bank, N.A.*, No. 74516, 2019 WL 2339538 (Nev. May 31, 2019) (Order of Affirmance). In doing so, we concluded that the subject property remained encumbered by respondent's deed of trust because respondent made a superpriority tender before appellant's predecessor purchased the property at an HOA foreclosure sale. *Id.* at *1-2.

After this court affirmed the summary judgment, respondent recorded a Notice of Default in September 2020, which indicated that the former homeowners had been in default on their loan payments since March 2011. This prompted appellant to file the underlying quiet title action in 2021, wherein appellant alleged that NRS 106.240's 10-year limitations period was triggered around March 2011 and that it had expired 10 years

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-32026

later, such that respondent's deed of trust no longer encumbered the property. Respondent filed an NRCP 12(b)(5) motion to dismiss appellant's complaint, which the district court granted. In doing so, it rejected appellant's request to conduct discovery into whether respondent's predecessors had sent a communication to the former homeowners that accelerated their loan for purposes of making it "wholly due" under NRS 106.240.

Appellant contends that the district court abused its discretion in dismissing its complaint without allowing appellant to conduct discovery. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (reviewing a district court's refusal to allow discovery for an abuse of discretion). We disagree. Even *assuming* (1) acceleration of a loan makes the loan "wholly due" for purposes of triggering NRS 106.240's 10-year time frame, and (2) a communication between a lender and a homeowner before a Notice of Default is recorded could accelerate the loan, we still conclude that the district court was within its discretion to deny appellant's request to conduct discovery.[2] Namely, we agree with respondent that appellant's attempt to unearth a decade-old communication that may or may not have occurred between nonparties to this litigation is simply an attempt to undermine the effect of our previous judgment pertaining to the same deed of trust. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the

---

[2]Much of appellant's argument is premised on its belief that this second *assumption* was actually a *holding* in our recent decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 138 Nev., Adv. Op. 22, 507 P.3d 194 (2022). We reiterate that we made no such *holding*. *Id.* at 197 ("*Assuming* Countrywide was legally permitted to accelerate the loan before it recorded the notice of default . . . ." (emphasis added)).

use of discovery to engage in fishing expeditions." (internal quotation marks and alterations omitted)). As the United States Ninth Circuit Court of Appeals has put it, "[a]t some point, litigation must come to an end. That point has now been reached." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:    Hon. Jasmin D. Lilly-Spells, District Judge
       Persi J. Mishel, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.