NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD HAUS; EVA BEROU, | No. 21-15682 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00263-RFB-NJK |
| v. | |
| BANK OF NEW YORK MELLON, FKA Bank of New York, Trustee for the Benefit of the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2004-J09, Mortgage Pass Through Certificates, Series 2004-J09; SABLES LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted January 11, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Plaintiffs-Appellants Ronald Haus and Eva Berou (collectively referred to as

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"Haus") appeal the district court's grant of summary judgment in favor of Bank of New York Mellon ("BoNYM") in a quiet title and declaratory relief action involving residential property in Las Vegas, Nevada. We have jurisdiction under 18 U.S.C. § 1291 and we affirm.

We review a grant of summary judgment *de novo* and "may affirm on any ground supported by the record." *Shawmut Bank, N.A. v. Kress Assocs.*, 33 F.3d 1477, 1484 (9th Cir. 1994). Summary judgment is appropriate if there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Haus attempts to quiet title against BoNYM based on Nevada Revised Statutes ("NRS") 106.240 (Nevada's "ancient lien" statute) which allows extinguishment of a mortgage lien or deed of trust 10 years after the debt becomes wholly due. *See* Nev. Rev. Stat. § 106.240 (2021). BoNYM recorded a notice of default in July 2007 that Haus argues accelerated the loan and triggered the 10-year period in NRS 106.240. However, Haus ignores the impact of the notice of rescission recorded in January 2008. Consistent with *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 507 P.3d 194 (Nev. 2022), we find the subsequently recorded notice of rescission decelerates the loan and resets NRS § 106.240's 10-year period, even assuming that period was triggered by the recorded notice of default. Haus argues (1) the language of the notice of rescission did not clearly

2

communicate deceleration, and (2) as the notice of default was only evidence of a prior acceleration of the loan, the notice of rescission did not affect the prior acceleration. These exact arguments were rejected by the Nevada Supreme Court and we do not find them persuasive here. *Id.* at 197-98.

Haus has argued that we may only consider the issue of claim preclusion on this appeal. We affirm the district court on that ground as well. We review the application of claim preclusion *de novo*. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 745 (9th Cir. 2006). In a diversity action, we look to the preclusive effect of a prior federal decision by reference to the law of the state where the rendering federal court sat—here, Nevada. *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180-81 (9th Cir. 2019). In Nevada, claim preclusion applies where "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). Only the third element is disputed here.

Haus argues claim preclusion should not apply because the 2017 action relating to a homeowners association foreclosure sale and this current action dealing with NRS 106.240 are different. But Haus raised a quiet title claim in 2017 and was obligated to bring all relevant legal theories in support of that claim, including the then-ripe NRS 106.240 argument. *Id.* ("[C]laim preclusion can apply

3

to all claims that were or could have been raised in the initial case"); *Mendenhall v. Tassinari*, 403 P.3d 364, 370 (Nev. 2017) ("The definition of transaction or occurrence does not require an identity of factual backgrounds."). Haus's argument that he had a "good reason" not to bring the NRS 106.240 claim in the prior litigation pursuant to *Weddell v. Sharp*, 350 P.3d 80, 85 (Nev. 2015) (en banc) is inapposite, as the "good reason" standard applies to the privity of parties element of the *Five Star Capital* preclusion test and is not at issue in this case. Therefore, Haus is precluded from re-raising his quiet title claim in this second suit.

The district court's grant of summary judgment for BoNYM is

**AFFIRMED.**