NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN CLOSSON; CHARLES R. CLOSSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON, FKA The Bank of New York, Successor Trustee To JPMorgan Chase Bank, N.A. as Trustee for the Bear Stearns Arm Trust, Mortgage Passthrough Certificate, Series 2003-7; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants-Appellees. | No. 21-16545 <br><br> D.C. No. 2:20-cv-02229-APG-DJA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted January 18, 2023[**]

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Susan Closson and Charles R. Closson appeal pro se from the district court's judgment dismissing their diversity action alleging a quiet title claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

Plaintiffs' quiet title claim is based on the applicability of Nevada Revised Statutes ("NRS") 106.240. *See Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001) ("NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due."). However, "because a notice of rescission rescinds a previously recorded notice of default, the notice of rescission effectively cancelled the acceleration triggered by the notice of default, such that NRS 106.240's 10-year period was reset." *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 196 (Nev. 2022) (citation and internal quotation marks omitted). Because NRS 106.240 is inapplicable, the district court properly dismissed plaintiffs' action for failure to allege facts sufficient to state a plausible quiet title claim.

The district court did not abuse its discretion by denying plaintiffs leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend

2                                                                                      21-16545

when amendment would be futile).

**AFFIRMED.**