NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-82, Mortgage Pass-Through Certificates Series 2005-82, FKA Bank of New York<br><br>Plaintiff-Appellee,<br><br>v.<br><br>SFR INVESTMENT POOL, 1, LLC,<br><br>Defendant-Appellant. | No. 22-16663<br><br>D.C. No. 2:18-cv-01375-JAD-VCF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted February 7, 2024
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Defendant-Appellant SFR Investment Pool, 1, LLC ("SFR") appeals from

the district court's judgment in favor of Plaintiff-Appellee Bank of New York

Mellon ("BNY Mellon") following a bench trial. In a quiet title action under Nev.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

Rev. Stat. § 30.040, BNY Mellon sought to establish that its lien survived a homeowners association's (HOA) nonjudicial foreclosure sale of a residential property in Nevada. SFR purchased the property after the previous homeowner defaulted on his HOA fees and filed for bankruptcy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in consolidating BNY Mellon's 2018 and 2019 actions against SFR. A district court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "[A] district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Both actions by BNY Mellon were before the same district court and involved common questions of law and fact—whether the HOA's nonjudicial foreclosure sale of the property to SFR extinguished BNY Mellon's deed of trust. We perceive no abuse of discretion in the consolidation of these related actions.[1]

---

[1] We reject SFR's contention that the 2019 action should have been dismissed for lack of jurisdiction because the district court had already assumed *in rem* jurisdiction over the property in the 2018 action by BNY Mellon. The case upon which SFR relies, *Marshall v. Marshall*, 547 U.S. 293 (2006), addressed the exercise of federal court jurisdiction over *state* court probate proceedings, and does not concern a federal court's jurisdiction over actions filed within the same district.

2.     SFR challenges the district court's decision to allow BNY Mellon leave to amend the original complaint.  SFR contends it was not given the opportunity to challenge the court's *sua sponte* decision to allow amendment.  SFR's contention is belied by the record.  The district court permitted SFR to argue against amendment at the July 2019 motions hearing and in its motion for reconsideration.  As a legal matter, "we have repeatedly instructed that leave to amend should be given, *even sua sponte*, if amendment could cure a pleading defect."  *See Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1208 (9th Cir. 2022) (emphasis added).  On this record, we find no abuse of discretion in allowing amendment of the pleadings.

3.     The district court did not abuse its discretion in finding that the amended complaint related back to the original complaint.  "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  "The relation back doctrine of Rule 15(c) is 'liberally applied.'"  *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citation omitted).  SFR contends that the amended complaint did not relate back to the 2018 complaint because it raised a new legal theory challenging the nonjudicial foreclosure sale.  But "an amendment which changes the legal theory on which an

action initially was brought is of no consequence to the question of relation back if the factual situation out of which the action arises remains the same and has been brought to the defendant's attention by the original pleading." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982). Here, both the original and amended complaints advanced claims regarding BNY Mellon's interest in the property following the same nonjudicial foreclosure sale, providing adequate notice to SFR of BNY Mellon's claims. *See Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000) ("[T]he central policy of Rule 15(c) [is to] ensur[e] that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment").

4. The district court did not err in holding that BNY Mellon's judicial-foreclosure claim was not time-barred. At trial, SFR argued that the previous homeowner's bankruptcy discharge automatically accelerated the due date on the promissory note secured by the deed of trust, and therefore BNY Mellon's action was untimely because the bank filed its first complaint outside of Nevada's six-year limitations period. We look to Nevada law to determine whether a bankruptcy discharge automatically accelerates the due date on a promissory note for purposes of calculating the limitations period under Nev. Rev. Stat. § 104.3118(1). *See Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "[W]hen this Court is

4

tasked with interpreting state law, we must predict how the state's supreme court would resolve the issue." *Isabel v. Reagan*, 987 F.3d 1220, 1229 (9th Cir. 2021).

Nev. Rev. Stat. § 104.3118(1) establishes a six-year statute of limitations for judicial foreclosure actions. Specifically, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within 6 years after the due date or dates stated in the note or, if a due date is accelerated, within 6 years after the accelerated due date." § 104.3118(1). Because the maturity date on the promissory note is September 2035, SFR relies solely on the statutory acceleration provision to support its limitations defense.

Nevada law does not support SFR's automatic acceleration theory. After SFR filed its opening brief in this appeal, the Nevada Supreme Court examined whether the debt secured by a deed of trust becomes "wholly due"—*i.e.*, accelerated—upon bankruptcy discharge in the context of a similar statute, Nev. Rev. Stat. § 106.240.[2] *W. Coast Servicing, Inc., v. Kassler*, No. 84122, 2023 WL 4057073, at *1 (Nev. June 16, 2023) (unpublished). The Nevada Supreme Court held that the borrower's bankruptcy discharge did not make the loan "wholly due"

---

[2] Nev. Rev. Stat. § 106.240 provides: "The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged."

for several reasons. First, the plain text of the statute "list[ed] only two documents that determine when a loan becomes 'wholly due' for purposes of triggering" the limitations period—the mortgage or deed of trust, and any recorded written extensions—and no written instrument supported the borrower's argument that her personal bankruptcy discharge operated to make the loan "wholly due" for purposes of Nev. Rev. Stat. § 106.240. *Id.* So too here, Nev. Rev. Stat. § 104.3118(1) lists only the "note payable at a definite time," and SFR has not identified any provision in the promissory note which would indicate that the borrower's personal bankruptcy discharge automatically accelerated the due date on the promissory note for purposes of triggering the six-year limitations period.[3]

Second, the *Kassler* court observed that the debtor's "bankruptcy discharge *excused* [her] personal obligation on the loan secured by the deed of trust, which is the opposite of rendering her obligation 'wholly due.'" 2023 WL 4057073, at *2 (citing 11 U.S.C. § 524(a) ("providing generally that a bankruptcy discharge absolves the debtor of personal liability")). As BNY Mellon points out, a bankruptcy discharge does not affect a creditor's ability to maintain an action against the property. Although a Chapter 7 bankruptcy discharge extinguishes the borrower's *personal* liability for the mortgage, "a creditor's right to foreclose on

---

[3] SFR has also failed to identify any provision in the deed of trust securing the promissory note which would support its argument that a bankruptcy discharge automatically accelerates the maturity date on the loan.

the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 83, (1991).

Finally, SFR's theory runs counter to Nevada's treatment of acceleration. "[A]cceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) (citation omitted). As noted, neither the promissory note nor the deed of trust at issue here evince in clear and unequivocal terms that a bankruptcy discharge automatically accelerates the due date on the promissory note. Guided by *Kassler*'s reasoning, we conclude that the previous homeowner's bankruptcy discharge did not automatically accelerate the due date on the promissory note for purposes of triggering the limitations period under Nev. Rev. Stat. § 104.3118(1).[4]

5. SFR waived its alternative argument—that unpaid installments due more than six years before BNY Mellon filed its original complaint are time-barred—by failing to raise it before the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("[A]n issue will

---

[4] That *Kassler* was an unpublished opinion is of no moment because "we may consider unpublished state decisions, even though such opinions have no precedential value." *Emps. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

generally be deemed waived on appeal if the argument was not 'raised sufficiently for the trial court to rule on it.'" (citation omitted)).

**AFFIRMED**.