NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 6344 LEGEND FALLS TRUST,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; SPECIALIZED LOAN SERVICING, LLC; NEVADA LEGAL NEWS, LLC,<br><br>       Defendants - Appellees. | No. 24-2456<br><br>D.C. No.<br>2:22-cv-01023-GMN-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted July 10, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff 6344 Legend Falls Trust (Legend) appeals the dismissal of its claim under Nevada Revised Statutes section (NRS) 106.240. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024). We affirm.

Legend is the owner of real property subject to a deed of trust. The deed of trust affords the lender the right to accelerate the underlying loan if the borrower defaults, and after acceleration occurs it affords the borrower the right to reinstate the terms of the loan by paying past-due sums and costs associated with the default. Legend argues that the lender accelerated the loan sometime between February 1, 2010, and October 22, 2021; that acceleration rendered the loan "wholly due" for purposes of NRS 106.240; that the lender failed to enforce the lien in the ensuing 10 years; and hence that the deed of trust has been extinguished under NRS 106.240.

We disagree. We assume without deciding that acceleration of a loan could, in some circumstances, cause the loan to become "wholly due" for purposes of NRS 106.240. We nevertheless hold that Legend's claim fails for two independent reasons.

First, under section 19 of the deed of trust, the borrower has a right of reinstatement following acceleration of the loan. To avoid foreclosure and reinstate the original terms of the loan, the borrower need only pay the past-due

amounts and the lender's costs. The borrower need not pay the full amount of the loan. Thus, acceleration does not render the loan "wholly due" for purposes of NRS 106.240. *See LV Debt Collect, LLC v. Bank of N.Y. Mellon*, 534 P.3d 693, 697–98 (Nev. 2023) (holding that the loan did not become wholly due where the lender recorded a notice of default declaring all sums immediately due and payable because the borrower had 35 days under state law to cure the default and reinstate the original terms of the loan); *W. Coast Servicing, Inc. v. Kassler*, No. 84122, 2023 WL 4057073, at *2 (Nev. June 16, 2023) (unpublished disposition) ("[I]f a homeowner does not need to pay the entire loan balance to avoid the institution of foreclosure proceedings, the loan is not 'wholly due' for purposes of NRS 106.240."); Restatement (Third) of Prop.: Mortgages § 8.1(d) (Am. L. Inst. 1997) ("A mortgagor may defeat acceleration and reinstate the mortgage obligation by paying or tendering to the mortgagee the amount due and owing at the time of tender in the absence of acceleration and by performing any other duty in default the mortgagor is obligated to perform in the absence of acceleration if . . . such an action is authorized by . . . the terms of the mortgage documents . . . .").[1]

Legend argues that reinstatement is irrelevant here because "the borrower never exercised its right to reinstate after acceleration." But it is the right to reinstatement, not the exercise of that right, that prevents the full amount of the

---

[1] We cite *Kassler* for its persuasive value. *See* Nev. R. App. P. 36(c)(3).

loan from becoming due. It is only after the right of reinstatement terminates—typically five days prior to the foreclosure sale—that the full amount of the loan becomes due. Legend's argument is therefore without merit.

Second, Legend's NRS 106.240 claim fails for the additional reason that the lender rescinded acceleration of the loan in 2011 and 2018. Under Nevada law, rescission cancels acceleration and resets NRS 106.240's 10-year clock. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 196 (Nev. 2022).

We reject Legend's argument that these notices of rescission rescinded only the notice of default and not the acceleration of the loan. According to Legend, the lender accelerated the loan through actions other than the recording of the notice of default. Thus, in Legend's view, the rescissions of the notices of default had no effect on the acceleration of the loan. But the 2011 notice of rescission not only rescinded the notice of default but also "reinstated" "all obligations secured" by the deed of trust. The 2018 notice of rescission not only rescinded the notice of default but also revoked "any prior or concurrent acceleration of the Note or Deed of Trust whether stated . . . in correspondence or otherwise." Thus, even assuming acceleration of the loan triggered NRS 106.240, these rescissions revoked the acceleration and reset the clock before 10 years elapsed.

Because we affirm the district court on these grounds, we need not reach the defendants' alternative arguments.  The judgment of the district court is

**AFFIRMED**.[2]

---

[2] The motion by the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation for leave to join the amicus brief filed by the Federal Housing Finance Agency, Dkt. 26, is **GRANTED**.